**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ROBERT CORWIN, D.D.S. derivatively on        No. C 02-2020 CW
    behalf of JDS UNIPHASE CORPORATION,
14                                               ORDER GRANTING
                                                 DEFENDANTS'
15          Plaintiff,                           MOTION TO DISMISS
                                                 THE SECOND
16      v.                                       AMENDED COMPLAINT

17  MARTIN A. KAPLAN, et al.,

18          Defendants,

19  and

20  JDS UNIPHASE CORPORATION,

21          Nominal Defendant.

22  _____/

23

24      Defendants Jozef Straus, Don Scifres, Martin A. Kaplan, Bruce

25  D. Day, Robert E. Enos, Peter A Guglielmi, John A. MacNaughton,

26  Wilson Sibbett, Anthony R. Muller, M. Zita Cobb, Joseph Ip, Charles

27  J. Abbe, Frederick L. Leonberger, Michael C. Phillips, and Harry

28  Deffebach (collectively individual Defendants) as well as nominal

1  Defendant JDS Uniphase Corporation (JDSU) move to dismiss the

2  second amended complaint (SAC) in this shareholder derivative

3  action.  Derivative Plaintiffs Robert Corwin and Michal Shalom

4  oppose the motion.  The motion was heard on September 4, 2008.

5  Having considered all of the papers filed by the parties and

6  argument on the motion, the Court GRANTS Defendants' motion to

7  dismiss.

8                          BACKGROUND

9     On April 24, 2002, the original complaint was filed in this

10 case.[1]  The original complaint stated claims against six of the

11 fifteen current individual Defendants.  On August 1, 2002, the

12 Court entered an order to show cause why this case should not be

13 dismissed for lack of subject matter jurisdiction.  On September 2,

14 2002, Plaintiff filed a First Amended Complaint (FAC) in response

15 to the OSC.[2]  On November 3, 2003, the Court granted Defendants'

16 motion to dismiss the FAC, finding that Plaintiff failed adequately

17 to allege demand futility, that is, that it was excused from making

18 a demand to the board of directors that JDSU proceed with these

19 claims before filing this suit.  In addition, the Court dismissed

20 each of the causes of action for failure to state a claim.

21 Specifically, the Court found that the breach of fiduciary duty

22

23     [1]Corwin was the only Plaintiff named in the original complaint
   and the First Amended Complaint in this case.  Shalom was included
   in the SAC after the Court consolidated his case, Shalom v. Kaplan,
24 C 02-2989, with this case.

25     [2]This amended complaint is titled "Verified First Amended
   Consolidated Shareholder Derivative Complaint."  As noted below,
26 Plaintiff later filed another complaint with the same title.  The
   Court will refer to this complaint as the first amended complaint
27 (FAC) and the later complaint as the further amended complaint.

28                              2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   claim based on insider trading failed as a matter of law because

2   Plaintiff failed to plead with particularity facts sufficient to

3   support a finding of insider trading.  In addition, the Court ruled

4   that Plaintiff's claims for breach of fiduciary duties, waste of

5   corporate assets and indemnification were deficient because they

6   depended upon a finding of liability in the then-pending securities

7   fraud action against JDSU and several of the individual Defendants,

8   In re JDS Uniphase Securities Litigation, C 02-1486 (In re JDSU),

9   to establish causation and damages.[3]  At that time, Defendants

10  requested a stay of this case, pending the resolution of In re

11  JDSU.  The Court denied the motion to stay.

12       On January 16, 2004, Plaintiff filed a further amended

13  complaint.[4]  On March 17, 2004, Defendants moved to dismiss the

14  further amended complaint, again arguing that Plaintiff failed to

15  plead facts sufficient to support a finding of demand futility or

16  to state a claim upon which relief could be granted.  On January 6,

17  2005, the Court stayed this case pending resolution of In re JDSU.

18  In its order staying the case, the Court noted,

19           The material facts in this action are the same as
         those in In re JDS.  Because the Court has denied the
20       defendants' motion to dismiss in that case, it would
         not be in the interest of justice for the Court to
21       grant Defendants' motion to dismiss here, even though
         Plaintiff's current complaint is still not adequately
22       plead.

23

24       [3]The Court also dismissed with prejudice a cause of action for
    "abuse of control."
25
         [4]As noted above, this amended complaint is also titled
26  "Verified First Amended Consolidated Shareholder Derivative
    Complaint."  The Court will refer to this complaint as the further
27  amended complaint.

28                                  3

**United States District Court**
For the Northern District of California

1   Docket No. 59 at 2.  In a separate order, the Court denied

2   Defendants' motion to dismiss, without prejudice to refiling the

3   motion.

4        In orders dated August 24, September 27 and October 10, 2007,

5   the Court granted partial summary judgment in favor of the In re

6   JDSU defendants.  The remaining claims were tried to a jury in

7   October and November, 2007.  On November 27, 2007, the jury

8   returned a verdict in favor of the In re JDSU defendants on all

9   claims.

10       On April 22, 2008, the parties submitted in this case a

11  stipulation allowing Plaintiffs to file the SAC.  The stipulation

12  provides, "Upon the filing of a Second Amended Complaint, the First

13  Amended Complaint[5] shall be deemed dismissed without prejudice."

14  Docket No. 81.  On May 8, 2008, Plaintiffs filed the SAC, alleging

15  claims for: (1) breach of fiduciary duty, insider selling and

16  misappropriation of information based on allegations of insider

17  trading; (2) breach of fiduciary duty based on Defendants' actions

18  exposing JDSU "to a significant risk of liability and damages, and

19  loss of corporate goodwill," SAC ¶ 86; (3) indemnification; and

20  (4) waste of corporate assets. On June 20, 2008, Defendants filed

21  the present motion to dismiss.

22                              DISCUSSION

23  I.   Demand Futility

24       Defendants argue that the SAC again fails to allege facts

25  _____

26       [5]It appears that the parties are referring to the further
    amended complaint, which was the operative complaint at the time of
27  the stipulation.

28                                  4

**United States District Court**
For the Northern District of California

1  sufficient to support a finding that a demand that JDSU pursue the

2  claims in this complaint would have been futile.  As discussed in

3  the Court's earlier order, under the substantive law of Delaware,[6]

4  "the right of a stockholder to prosecute a derivative suit is

5  limited to situations where the stockholder has demanded that the

6  directors pursue the corporate claim and they have wrongfully

7  refused to do so or where demand is excused because the directors

8  are incapable of making an impartial decision regarding such

9  litigation."  <u>Rales v. Blasband</u>, 634 A.2d 927, 932 (Del. 1993); <u>see</u>

10 <u>also</u> <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 989

11 (9th Cir. 1999) ("A shareholder seeking to vindicate the interests

12 of a corporation through a derivative suit must first demand action

13 from the corporation's directors or plead with particularity the

14 reasons why such demand would have been futile.").  A demand is

15 futile if "the particularized factual allegations of a derivative

16 stockholder complaint create a reasonable doubt that, as of the

17 time the complaint is filed, the board of directors could have

18 properly exercised its independent and disinterested business

19 judgment in responding to the demand."  <u>Id.</u> at 934.  Under federal

20 procedural law, the facts necessary to demonstrate that demand

21 would be futile must be plead with particularity.  Fed. R. Civ. P.

22 23.1; <u>In re Silicon Graphics</u>, 183 F.3d at 989.

23     Defendants first argue that the SAC fails because all

24 allegations regarding demand futility concern the board of

25

26     [6]The substantive law of Delaware applies because JDSU is a
   Delaware corporation.  <u>In re Silicon Graphics</u>, 183 F.3d 970, 990
27 (9th Cir. 1991).

28                                  5

**United States District Court**
For the Northern District of California

1  directors in place at the time this lawsuit was originally filed.

2  Citing <u>Braddock v. Zimmerman</u>, 906 A.2d 776 (Del. 2006) (en banc),

3  Defendants argue that Plaintiffs must demonstrate demand futility

4  with respect to the board of directors in place when the SAC was

5  filed.  In <u>Braddock</u>, the Delaware Supreme Court held that, under

6  Delaware procedural law, "a dismissal without prejudice and without

7  explicit leave to amend operates as a final judgment."  <u>Id.</u> at 779.

8  Therefore, the Delaware court held that "when a complaint is

9  amended after a new board of directors is in place," a plaintiff

10  must demand that the new board pursue the claims unless, "first,

11  the original complaint was well pleaded as a derivative action;

12  second, the original complaint satisfied the legal test for demand

13  excusal; and third, the act or transaction complained of in the

14  amendment is essentially the same as the act or transaction

15  challenged in the original complaint."  <u>Id.</u> at 786.

16      Because the Court dismissed the first amended complaint and

17  found that the further amended complaint was "not adequately

18  plead," Defendants argue that the first <u>Braddock</u> element is not

19  satisfied and Plaintiffs must establish demand futility with

20  respect to the JDSU board of directors, as it existed in 2008.  The

21  Court need not decide whether <u>Braddock</u> applies to this case

22  because, even accepting Plaintiffs' argument that they need to

23  demonstrate demand futility based on the original filing of this

24  suit, their allegations regarding demand futility in 2002 are

25  deficient.  As in their original complaint, Plaintiffs allege that

26  demand is excused because Defendants, who comprise a majority of

27  the board, as it existed in 2002, engaged in illegal insider

28

**United States District Court**
For the Northern District of California

1 trading, thereby benefitted from the wrongful conduct alleged in

2 the complaint and are likely to face liability if this case moves

3 forward.

4     However, Plaintiffs have not plead facts sufficient to support

5 a finding that the six members of the 2002 board named as

6 Defendants are likely to face liability.[7]  Indeed, the Court

7 earlier dismissed Plaintiffs' cause of action based on insider

8 trading in the FAC, finding that "the FAC does not contain facts

9 sufficient to establish that Defendants were in the possession of

10 material non-public information at the time that they traded in

11 JSDU stock."  Docket No. 39 at 5.

12     The FAC alleged,

13         The Individual Defendants, through their positions
       as chairs of the Audit Committee and Compensation
14       Committee, directors, and/or senior officers of the
       Company and their receipt of reports, attendance at
15       meetings, and access to all of the Company's books,
       records and other proprietary information, had
16       responsibility for and, therefore, were in possession
       of, material non-public information concerning the
17       Company and its inventory, orders for product
       operations, finances and business prospects.  This
18       material non-public information included, but was not
       limited to, the Company's sales and growth prospects
19       and the effect that the sharp downturn in the
       telecommunications industry had on those growth
20       prospects.

21 FAC ¶ 12.

22     The SAC contains various additional allegations about the

23 material non-public information Plaintiffs contend Defendants

24 possessed when they traded in JDSU stock.  However, the SAC also

25 alleges that such information was the subject of emails and

26 _____

27     [7]The six Defendants who were board members in 2002 are Kaplan,
Straus, Enos, Guglielmi, Day and Scifres.

28                                  7

1  meetings which were not received or attended by any of the six

2  board-member Defendants other than Straus.  Plaintiffs' new

3  allegations about how the remaining Defendants could have received

4  such information are similar to the allegations in the FAC and are

5  similarly deficient.  Plaintiffs allege,

6      At the time of their insider stock sales, the Director
       Defendants all seasoned senior executives in the
7      telecommunications and data transmission industries,
       with access to the Company's computer systems and at
8      least quarterly JDSU internal reports indicating a
       slowdown in demand for JDSU's products from its
9      customers, knew that the Company's business prospects
       were changing and that when this information became
10     public, the market price of JDSU's shares would likely
       decline sharply.

11 SAC ¶ 81.

12     Moreover, as Defendants point out, of the six board-member

13 Defendants, only two were members of JDSU's management and the

14 remaining four were outside directors.  Plaintiffs do not allege

15 that these four outside directors were involved in the day-to-day

16 operations of JDSU or that they received specific information about

17 the company's demand projections.

18     The Court finds that Plaintiffs have again failed to plead

19 with particularity facts sufficient to establish demand futility.

20 Therefore, the Court dismisses Plaintiffs' complaint with

21 prejudice.

22 II.  Failure to State a Claim

23     Defendants also renew their argument that Plaintiffs'

24 complaint fails to state a claim pursuant to the requirements of

25 Delaware law.  See First Nat'l City Bank v. Banco Para El Comercio

26 Exterior De Cuba, 462 U.S. 611, 621 (1983) ("As a general matter,

27

28                                    8

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  the law of the state of incorporation normally determines issues

2  relating to the internal affairs of a corporation.").  Although

3  Defendants contend that all of Plaintiffs' causes of action fail to

4  state a claim, their argument regarding causation and damages

5  relates only to Plaintiffs' second, third and fourth causes of

6  action for breach of fiduciary duty, indemnification and waste of

7  corporate assets.  These causes of action are based on allegations

8  of insider trading and the communication of misleading information

9  about the strength of the market for JDSU's products.  As

10  Plaintiffs point out, liability for insider trading does not

11  require damage to the corporation under Delaware law.  See Thomas

12  v. Roblin Indus., Inc., 520 F.2d 1393, 1397 (3rd Cir. 1975)

13  (liability exists for insider trading claims "for any gains without

14  regard to whether the corporation suffered damages as a result of

15  the corporation.").  Therefore, Defendants' arguments do not relate

16  to Plaintiffs' first cause of action.

17      In their motion to dismiss the FAC, Defendants argued that the

18  damages claimed for what are now Plaintiffs' second, third and

19  fourth causes of action were speculative because they were based

20  only on the potential for damages if JDSU were found liable in In

21  re JDSU.  The Court found that these causes of action were

22  "deficient, and must be dismissed" because the "the only wrongful

23  conduct alleged in the FAC is that Defendants engaged in illegal

24  insider trading and issued misleading statements regarding JDSU's

25  financial health" and the "FAC does not allege that these wrongful

26  acts caused the damages to JDSU that Plaintiff now asserts, nor is

27  it apparent how these wrongful acts could have caused such

28

9

**United States District Court**
For the Northern District of California

1   damages." Id. at 6.  Defendants argue that the damages claimed in

2   the SAC mirror the speculative damages claimed in the FAC.

3   Moreover, Defendants point out, Plaintiffs can no longer speculate

4   that such damages will be proved because judgment was entered in

5   JDSU's favor in In re JDSU.  Plaintiffs allege that, as a result of

6   Defendants' conduct, "JDSU has been exposed to a significant risk

7   of liability and damages, and loss of corporate goodwill."  SAC ¶

8   86.  Similarly, Plaintiffs broadly allege that Defendants' insider

9   trading was "to their great benefit, and to the detriment of the

10  nominal defendant," and Defendants' conduct "caused JDSU to waste

11  valuable assets."  Id. at ¶¶ 89, 92.  Plaintiffs have not cured the

12  deficiency identified in the FAC by alleging how Defendants'

13  conduct caused the purported damages.  Further, it is not clear

14  what damages Plaintiffs believe JDSU has suffered.  Therefore,

15  Plaintiffs' second, third and fourth causes of action are dismissed

16  with prejudice for this reason as well.[8]

CONCLUSION

18      For the foregoing reasons, the Court GRANTS Defendants' motion

19  to dismiss (Docket No. 93).  Plaintiffs' SAC is dismissed with

20  prejudice and judgment shall enter accordingly.  The Clerk shall

21  close the file.

22      IT IS SO ORDERED.

23

24  Dated:  9/16/08                    _____
                                       CLAUDIA WILKEN
25                                     United States District Judge

26  _____

27      [8]Because the Court dismisses Plaintiffs' claims based on their
    failure to allege demand futility and their failure to state a
28  claim, it need not reach Defendants' argument that Plaintiffs'
    claims are barred by collateral estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California